UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

                     1:18-CR-120 – LJV-MJR

      v.                       DECISION AND ORDER

DANNY W. MICHAEL, III, et al,

                 Defendants.

This case has been referred to the undersigned by the Hon. Lawrence J. Vilardo pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon dispositive motions. (Dkt. No. 6).

Before the Court are omnibus pretrial motions to suppress evidence and various discovery demands. The Court will address the non-dispositive motions herein and handle defendants' dispositive motions by separate report and recommendation.

The non-dispositive motions of defendants Danny W. Michael, III (Dkt No. 251), Alexis V. Hall (Dkt. Nos. 249, 360), Destiny J. Hare (Dkt. No. 247), Michael A. Davis (Dkt. No. 246), Jamell Trapp (Dkt. No. 252), Ryan R. Lopez, Jr. (Dkt. No. 243), Marcus Martin Bowman (Dkt. No. 253), and Henry Stovall, Jr. (Dkt. Nos. 244, 326, 330, 331) are granted and denied as discussed below.

## BACKGROUND

On October 4, 2018, a federal grand jury returned a Superseding Indictment charging 16 defendants with 42 counts of criminal conduct. (Dkt. No. 85). The charges include methamphetamine conspiracy beginning in March 2017 and continuing until the

return of the Superseding Indictment; numerous counts of possession with intent to distribute and distribution of cocaine base, methamphetamine, 5 grams of more of methamphetamine, and 50 grams or more or methamphetamine; using and maintaining a drug-involved premises at 131 Barrows Street, Jamestown, New York; using and maintaining a drug-involved premises at 22 Bassett Street, Jamestown, New York; using and maintaining a drug-involved premises at 45 Baker Street, Jamestown, New York; possession of firearms in furtherance of drug trafficking; felon in possession of a firearm; using and maintaining a drug-involved premises at 846 Lafayette Street, Jamestown, New York; using and maintaining a drug-involved premises at 11 W. 10th Street, Jamestown, New York; attempted possession of 50 grams or more of methamphetamine with intent to distribute; felon in possession of a firearm and ammunition; and using and maintaining a drug-involved premises at 153 ½ Main Street, Jamestown, New York.

Defendants Danny W. Michael, III (Dkt No. 251), Alexis V. Hall (Dkt. Nos. 249, 360, 366), Destiny J. Hare (Dkt. No. 247), Michael A. Davis (Dkt. No. 246), Jamell Trapp (Dkt. No. 252), Ryan R. Lopez, Jr. (Dkt. No. 243), Marcus Martin Bowman (Dkt. No. 253), and Henry Stovall, Jr. (Dkt. Nos. 244, 292, 326, 330, 331) have dispositive and non-dispositive pretrial motions pending before the Court.[1]

Defendants Michael, Hall, Trapp, Lopez, Bowman, and Stovall have filed motions seeking suppression of physical evidence and statements intended to be used against them. Several of those motions required the Court to conduct evidentiary hearings,

---

[1] Defendants Searcy E. Fields (Dkt. No. 130), Zackiel Fields, Jr. (Dkt. 154), Ernest Cauley, Jr. (Dkt No. 167), Stacie N. Yancer (Dkt No. 182), Ramael O. Fields (Dkt No. 266), and Stephanie L. Harrison (Dkt. No. 348) have entered into plea agreements with the Government. Defendants Andrew C. Bennett and Jacob A. Motherwell have not filed any pretrial motions.

receive post-hearing briefing, and hear oral argument along timelines which varied for each defendant. The Court will resolve those suppression motions separately.

Defendants Michael, Hall, Bowman, Stovall, Lopez, and Hare have made requests to join the motions of their co-defendants. To the extent they are relevant and applicable, the Court will address the omnibus discovery and disclosure motions of each defendant collectively. Thus, presently before the Court are defendants' non-dispositive pretrial motions for: (1) a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure; (2) discovery pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure; (3) disclosure of informant identities; (4) production of *Brady/Giglio* material; (5) early disclosure of witness statements pursuant to the *Jencks Act*; (6) disclosure and transcription of grand jury testimony; (7) pretrial disclosure and limitation of the introduction of co-conspirator declarations; (8) disclosure of evidence pursuant to Rules 404(b), 608, 609, and 807 of the Federal Rules of Evidence; (9) *Bruton* request to exclude statements of non-testifying co-conspirators; (10) *voir dire* government experts outside presence of the jury; (11) preservation of rough notes and other evidence; (12) audibility hearing; (13) severance of trials pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure; (14) joinder of applicable motions of co-defendants; and (15) leave to file additional motions. (Dkt. Nos. 243; 244; 246; 247; 249; 251; 252; 253; 326; 330; 331; 360).

The Government filed a response to the pretrial motions of each defendant except Hare and Davis. (Dkt. Nos. 275; 276; 277; 278; 279; 280; 293; 365). This omission appears to be inadvertent and the content of the Government's other responses is applicable. Both logic and consistency dictate that the motions of defendants Hare and

Davis be decided in accordance with that of their co-defendants and not be granted automatically for lack of response. Additionally, the Government has made cross-demands for reciprocal discovery.

The Court heard oral argument on the motions of each defendant on September 16, 2019 and considered the matter submitted. The Court's decisions as to defendants' omnibus discovery demands are set forth in detail below.

## DISCUSSION

1.    <u>Bill of Particulars</u>

Defendants move for a bill of particulars. (Dkt. Nos. 243, pgs. 13-16; 244, pgs. 15-17; 247, pg. 5; 251, pgs. 2-3; 253, pgs. 5-8; 360, pg. 10). They seek particularization as to, *inter alia*, the alleged members of the conspiracy, the date, place, details of formation of the conspiracy, details of overt acts allegedly committed in furtherance of the conspiracy, each defendant's role in the alleged conspiracy, details of controlled substances distributed pursuant to the conspiracy, and identities of all unindicted co-conspirators. (*Id.*).

Federal Rule of Criminal Procedure 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). However, "[t]he Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendants committed the crimes charged, or a preview of the Government's evidence or legal

4

theories." *United States v. Rittweger*, 259 F. Supp. 2d 275, 291 (S.D.N.Y. 2003). In determining whether a bill of particulars is warranted, a court is to consider "the complexity of the offense, the clarity of the indictment, and the degree of discovery otherwise afforded to defendants." *United States v. Shoher*, 555 F. Supp. 346, 349 (SDNY 1983). Further, it is well-settled that acquisition of evidentiary detail is not the purpose of a bill of particulars. *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

Here, the Court finds that a bill of particulars is unnecessary because the specific allegations contained in the Indictment, together with the discovery already provided, are sufficiently clear. Contrary to defendants' belief, the Government is not required to particularize overt acts, unnamed co-conspirators, and other details regarding the alleged conspiracy. *See United States v. Carroll*, 510 F.2d 507, 509 (2d Cir. 1975) ("There is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge[.]"); *United States v. Muyet*, 945 F. Supp. 586, 599 (S.D.N.Y. 1996) ("The defendants are not entitled to a bill of particulars setting forth the 'whens,' 'wheres,' and 'with whoms' regarding the [ ] enterprise and conspiracy.") (quoting *United States v. Jimenez*, 824 F. Supp. 351, 363 (S.D.N.Y. 1993)).

The charges are neither complex nor difficult to understand. They allege that between March 2017 and October 4, 2018 defendants engaged in a conspiracy to distribute controlled substances and that they possessed with intent to distribute, and distributed, 50 grams or more of methamphetamine. The Indictment specifies the dates upon which individual defendants are alleged to have possessed with intent to distribute and distributed specific amounts of methamphetamine and cocaine base. It also alleges that defendants used and maintained premises in Jamestown, New York located at 131

Barrows, 22 Bassett Street, 45 Baker Street, 846 Lafayette Street, 11 W. 10th Street, and 153 ½ Main Street for manufacturing and distributing methamphetamine. Defendants Davis, Michael, Hall, and Trapp are also charged with possession of firearms in furtherance of drug trafficking crimes. Defendant Michael is additionally charged as being a felon in possession of a firearm. The Indictment details the exact firearms alleged to be used and possessed, as well as the dates the alleged conduct occurred.

Further, the Government submits that it has already provided considerable information to the defendants in addition to the charges of the Indictment; including itemized voluntary discovery, discovery pertaining to co-defendants, and information contained in the criminal complaint filed prior to the Indictment. The Government objects that defendants have not offered any specific facts or reasons to justify a finding that further particularization is necessary.

Defendants are not permitted to use a bill of particulars to learn evidentiary detail or the Government's legal theory. The Indictment plainly allows defendants to identify the charges against them, avoid surprise at trial, and interpose a plea of double jeopardy if necessary. For these reasons, defendants' request for a bill of particulars is denied.

2.    Rule 16 Discovery and Rule 12 Notice

Defendants move for discovery and inspection pursuant to Rule 16 of the Federal Rules of Criminal Procedure. (Dkt. Nos. 243; pgs. 16-20; 244, pgs. 4-15; 246, pgs. 3-4; 247, pgs. 2-4; 251, pgs. 4-11; 252, pgs. 3-13; 253, pgs. 9-22; 331, pgs. 5-8; 360, pgs. 14-22). Rule 16(a) requires the Government to disclose certain evidence and information upon request of a defendant.  While Rule 16 was intended to provide for liberal discovery, a defendant is not entitled to discovery of "the entirety of the Government's case against

him." *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974). Rule 16 provides that a defendant is entitled to the following: (1) a defendant's written, recorded or oral statements in the possession of the Government; (2) the defendant's prior record; (3) documents, objects, books, papers, photographs, etc. that will be used during the Government's case-in-chief; (4) reports of examinations or tests; (5) and information about expert witnesses in accordance with Fed. R. Evid. 702, 703 and 705. *See* Fed R. Crim. P. 16(a)(1). Rule 16 specifically exempts from disclosure "reports, memorandum, or other internal Government documents made by an attorney for the Government or other Government agent in connection with investigating or prosecuting the case." *See* Fed. R. Crim. P. 16(a)(2).

Defendants specifically request discovery of: (1) any written or recorded statements of defendants; (2) full details and records of prior arrests and convictions, including NCIC computer checks; (3) all electronic surveillance, wiretap, eavesdropping, and tracking information; (4) minutes and transcripts of grand jury proceedings; (5) identities, nicknames, and photographs of informants and co-conspirators; (6) the reports or results of any physical or mental examinations or scientific tests, particularly lab reports of the contents and weights of controlled substances allegedly seized; (7) information related to any audio or visual identification procedures used; (8) all audio and video recordings made related to this case, including Jamestown Police body camera footage from April 21 and 22, 2018 at 49 Anderson Street; (9) information from all controlled buys conducted in this case, including audio recordings and lab reports; (10) search warrants and warrant applications for the following searches: 131 Barrows Street, 2003 Volkswagen Jetta, black box, and storage unit, as well any related government notes and

memoranda; (11) all information gained from and photographs taken of evidence seized; (12) disclosure of plea agreements and witness information; (13) production of witness statements who will not be called at trial; and (14) a written summary of any testimony the Government plans to introduce as evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.

In its written responses to defendants' discovery requests, the Government states that it has fully complied with its obligations under Rule 16. The Government affirms that between July 19, 2018 and July 15, 2019 it provided defendants with substantial voluntary discovery and that it will continue to provide any additional discoverable materials that become available. In addition, the Government submits that it has made available for counsel's review sensitive materials subject to this Court's Protective Order, including investigative reports, records, audio and video recordings of controlled buys, and sensitive search warrants and applications. The Government states that it has disclosed relevant statements made by the defendants by providing post-arrest reports. The Government also indicates that it has provided copies of each defendant's criminal record. The Government confirms that it has provided all documents and objects currently in its possession, custody, or control as requested to the extent the defense is entitled to the items. The Government indicates that it disclosed forensic laboratory reports of the controlled substances seized in this case, and that it will provide any additional laboratory reports upon receipt. The Government states that no corporeal identification procedures were utilized in this case. The Government represents that it will timely provide all relevant expert disclosures, including summaries of the experts' credentials and methods.

Defendants also request disclosure of plea agreements, personnel files of government witnesses, and mental health records of government witnesses. The Government objects that this request is beyond the scope of Rule 16. The Court agrees that such disclosure is not required under Rule 16, but to the extent such records constitute favorable, exculpatory, or impeachment information under *Brady, Giglio*, and their progeny, the Government is directed to produce such information as discussed below.

Defendants also move for production of witness statements who will not be called at trial. The Government objects to this request. It concedes that to the extent the defendant is attempting to identify *Brady* material through this request, the government is aware of its *Brady* obligations and will comply.

In regard to the specific requests of defendants Michael and Hall, the Government states that it has provided the search warrants and applications executed on a 2003 Volkswagen Jetta bearing Pennsylvania Temporary registration 3050-842 with VIN#3VWPES9M83M186054 and items contained within said vehicle, a black box seized at 49 Anderson Street, and a storage unit, rented in the name of Alexis Hall, Unit # 309, located at Building #11, 2553 S. Work Street, in Ellicott, New York. Defendant Michael also moved to inspect the black box seized at 49 Anderson Street and to inspect the methamphetamine allegedly possessed by defendant. The Government indicates that it will allow inspection of all items it anticipates using as evidence in its case-in-chief at trial.

In regard to the specific requests of defendant Stovall for surveillance records, GPS records, and search warrants and warrant applications for the searches of 131 Barrows Street on February 5, 6, and 12, 2018, the Government represented that it would

be providing all material requested, including additional police reports and several disks of audio and video files containing recordings of controlled buys involving Stovall. The Government is directed to provide such records to defendant if it has not done so already.

Based upon the representations made by the Government in their written responses and during oral argument, and consistent with the Court's directives described above, defendants' request for discovery pursuant to Rule 16 is denied as moot. The Government is reminded that its disclosure obligations continue up through and during trial. *See* Fed. R. Crim. P. 16(c).

Defendants also move for notice of intention to use evidence against defendants at trial pursuant to Rule 12 of the Federal Rules of Criminal Procedure. (Dkt. Nos. 246, 4; 251, pgs. 4-10; 253, pgs. 16-23; 360, pg. 18). The Government has provided notice that it intends to use all items the defendants have been provided with or made aware of in accordance with Rule 12(b)(4)(a). Therefore, this branch of defendants' discovery motion is also denied as moot.

3.    Disclosure of Informant Identities

Defendants move for disclosure of the identities of all informants used by the Government in the course of its investigation. (Dkt. Nos. 244, pg. 5; 246, pgs. 9-11; 252, pg. 22; 253, pgs. 9-15; 360, pg. 11). Defendants also seek potential impeachment material as to these individuals. (*Id.*) The Government objects to this request on the grounds that defendant has not shown a particularized need for this information.

The Government has a qualified privilege to withhold information concerning the names of confidential informants that it does not intend to call as witnesses. *See Rovario v. United States*, 353 U.S. 53, 60-62 (1957) (the purpose of the privilege is to encourage

citizens to report criminal activity). The informant's privilege must give way, however, if disclosure is essential to a defense or the fair determination of the case. *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983). To that end, a defendant seeking the identity of a confidential informant must make some evidentiary showing as to why disclosure is significant to determining defendant's guilt or innocence. *See United States v. Jimenez*, 789 F.2d 167, 170 (2d Cir. 1986) (explaining that defendants face a "heavy burden" of establishing that disclosure is essential to the defense); *Lilla*, 699 F.2d at 105 ("this requires some demonstration that in the absence of such disclosure the defendant will be denied a fair trial"); *United States v. Valenzuela-Bernal*, 458 U.S. 858, 871 (1982) (defendant need not show that the informant's testimony would actually be helpful to the defense, but instead "the events to which a witness might testify, and the relevance of those events to the crime charged").

Defendants have not provided any specific reasons as to why informant identities are material or necessary to their defense. They do not offer an explanation of what the informants might testify about, nor do they establish its relevance to the crimes charged here. Instead, defendants make general statements that disclosure of informant information is necessary for the preparation of their defenses for trial. This is insufficient to meet the burden. If and when an informant is to be called as witnesses at trial, defendants will have access to his or her identity as well as all relevant impeachment material, prior statements, and notes of their interviews. In addition, if an informant reveals exculpatory information at any time, the Government has an ongoing duty to disclose this information in time for its effective use at trial. Thus, defendants' motion for disclosure of informant identities is denied.

4.    Compel Production of *Brady/Giglio* Material

Defendants move for the disclosure of any favorable, exculpatory or impeachment materials pursuant to *Brady, Giglio* and their progeny.[2] (Dkt. No. 243, pgs. 20-22; 244, pgs. 18-19; 246, pgs. 4-6; 247, pg. 4; 251, pg. 13; 252, pgs. 13-20; 253, pgs. 23-29; 360, pgs. 18-20). "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). "[A]s long as a defendant possesses *Brady* evidence in time for its effective use, the Government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Id.* at 144.

The Government submits that it is mindful of its obligations under *Brady* and its progeny. The Government indicates that it is not in possession of any exculpatory *Brady* material but that it will disclose any exculpatory information it should become aware of. The Government agrees to provide impeachment *Brady* material, namely, promises of leniency or immunity agreements with witnesses, criminal records of witnesses, immoral or criminal acts committed by witnesses, and prior inconsistent statements, prior to the commencement of trial and when the Government produces Jencks Act material. Given the Government's representations, defendants' motion to compel the production of *Brady/Giglio* material is denied. Consistent with *Coppa*, the Government is reminded of its continuing obligation to timely disclose any *Brady* and *Giglio* material to defendant. *See United States v. Padovani*, 2016 WL 5402696, at *4 (W.D.N.Y. Sept. 28, 2016).

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

5.    Early Disclosure of Witness Statements and Jencks Act Material

Defendants move for early disclosure of witness names and statements prior to trial. (Dkt. Nos. 243, pg. 22; 244, pg. 19-20; 246, pg. 8-9; 247, pg. 4; 251, pgs. 12-13; 252, pgs. 20-22; 253, pgs. 30-31; 360, pg. 23). The Government has no general duty to disclose the identities of its witnesses before trial. *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990). Section 3500 of Title 18 of the United States Code requires that the Government, on motion of defendant, disclose a Government witness's prior statements that are in the Government's possession and relate to the subject matter of the witness's direct testimony. *See also Jencks v. United States*, 353 U.S. 657 (1957); Fed. R. Crim. P. 26.2 (procedure for producing a witness statement). A witness statement is defined as: (1) a written statement by a witness that is signed or otherwise adopted or approved by the witness; (2) a substantially verbatim recording or transcription of a witness's oral statement; or (3) any statement however taken or recorded made by the witness to the grand jury. 18 U.S.C. 3500(e).  Statements are not required to be produced, by law, until after the witness has testified on direct examination, and the Court cannot mandate that they be produced sooner. *See* 18 U.S.C. §3500(a); Fed. R. Crim. P 26.2(a).

The Government indicates that it will disclose all 3500 material sufficiently prior to trial to allow defendants adequate time to prepare and, in accordance with the District Court's pretrial order, to permit the Court to conduct the trial in an orderly and efficient manner. In light of these representations, defendants' requests for early disclosure of witness statements are denied as moot.

6.    Grand Jury Testimony

Defendants request production of grand jury transcripts, minutes, and exhibits but puts forth no particular grounds for the requests. (Dkt. Nos. 244, pggs. 4-5; 253, pg. 32; 360, pgs. 22-23). The Government opposes these requests and previously indicated that it will disclose any grand jury testimony that constitutes 3500, *Brady* or *Giglio* material. The burden is on the defense to show that "a particularized need" exists for the minutes which outweighs the policy of secrecy. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). An indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence. *United States v. Calandra*, 414 U.S. 338, 345 (1974). A defendant is not entitled to inspect grand jury minutes and evidence without producing "concrete allegations of Government misconduct." *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994). Defendants have not made any such allegations here. Therefore, to the extent that defendants request grand jury material that is not also 3500, *Brady* or *Giglio* material, the motion is denied.

7.    Limitation of Co-Conspirator Declarations / Conspiracy Hearing

Defendants move for pretrial limitation of statements attributable to alleged co-conspirators which the Government intends to introduce at trial pursuant to Federal Rules of Evidence 104 and 801(d)(2)(E). (Dkt. Nos. 244, pg. 17, 252, pg. 13; 360, pg. 24). Defendants also frame this as a request for a conspiracy hearing regarding the existence of a conspiratorial agreement prior to admission of conspiratorial hearsay. (Dkt. Nos. 253, pg. 34; 360, pg. 25).

The Government counters that it will proffer evidence in support of the admission of out-of-court co-conspirator statements at the time designated by the trial court for a

proffer. This request to determine the admissibility of evidence is premature and the denial of the request at this time will not prejudice defendants. *See United States v. Henry*, 861 F.Supp. 1190, 1196-97 (S.D.N.Y. 1994). Thus, the Court denies the motion without prejudice to renewal before the District Court.

8.    Rules 404(b), 608, 609, and 807 Evidence

Defendants move for disclosure of any evidence of prior crimes or bad acts the Government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). (Dkt. No. 243, pg. 23; 244, pgs. 12-13; 246, pgs. 6-7; 251, pg. 14; 252, pgs. 12-13; 253, pgs. 29-30; 360, pg. 18). Defendants also move for pretrial disclosure of impeachment evidence pursuant to Federal Rules of Evidence 608 and 609. (*Id.*) The Government states that it will provide reasonable notice in advance of trial of the general nature of prior uncharged crimes that it intends to use at trial under Rule 404(b). It further submits that it has no obligation to provide pre-trial notice of impeachment evidence under Rules 608 and 609 and will address same in its pre-trial memorandum to the District Court. The Government further states that, pursuant to Rule 609, it intends to impeach defendants with their own criminal, parole, or probation history should either defendant elect to testify at trial. The Government indicates it will provide this information consistent with the disclosure of *Jencks Act* material. The Government states that should it become aware of additional Rule 404(b), Rule 608, or Rule 609 evidence, it will notify defendant in advance of trial.

The Government is required to provide "reasonable notice in advance of trial" of the general nature of prior uncharged crimes or bad acts it intends to introduce against a defendant. *See* Fed. R. Evid. 404(b). Rule 608 of the Federal Rules of Evidence does not

contain the same pretrial notice requirement. Based upon the Government's representation that it will disclose bad act or impeachment evidence prior to trial, defendant's motion is denied as moot. The Court instructs that any disclosure should be done in accordance with the District Court's pretrial order. The issue of admissibility of evidence pursuant to Federal Rules of Evidence 404(b), 608, 609, and 807 is left to the determination of the District Court at the time of trial.

9.    *Bruton* Request

Defendants make a request under *Bruton v. United States*, 391 U.S. 123 (1968) for an order requiring the Government to redact any portions of any oral or written statements or confessions by any non-testifying co-defendants or co-conspirators that the Government intends to introduce at trial that may tend to inculpate the defendant. (Dkt. No. 244, pg. 17; 360, pg. 25). As a general rule, this type of motion is best considered by the trial judge. *United States v. Anguiera*, 2012 U.S. Dist. LEXIS 51862 (W.D.N.Y. April 12, 2012) ("[T]he relief sought for excluding non-testifying co-conspirator statements...[i]s better considered by the District Judge prior to trial and deferred for that consideration"). For this reason, the Defendants' request is denied without prejudice to renew this motion before the District Court.

10.    *Voir Dire* of Government Experts

Defendants move for permission to *voir dire* any proposed government experts outside the presence of the jury. (Dkt. Nos. 253, pgs. 32-33). The Government states that the District Judge is better suited to address this request. The Court agrees that the District Judge who will preside over the trial of this case is best equipped to address this motion. Thus, the motion is denied without prejudice to renewal before the District Court.

11.    Preservation of Rough Notes

Defendants move for an order requiring all federal, state or local agents and officers to retain and preserve all rough notes taken in the course of the investigation. (Dkt. Nos. 244, pg. 20; 246, pgs. 11-12; 253, pg. 30). The defendants further request that the Government preserve notes made by Government witnesses, including state and local authorities, in the event they later become discoverable. (*Id.*). The Government maintains that it will endeavor to maintain these materials, should they exist, but also objects that this motion includes material that may exceed the Government's obligation under 18 U.S.C. 3500 and Fed. R. Crim. P. 26.2. The Court grants defendants' motion and the Government is directed to preserve all rough notes and items of evidence. *See United States v. Jones*, 2014 U.S. Dist. LEXIS 84452, at *16 (W.D.N.Y. May 29, 2014), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 84023 (W.D.N.Y. June 19, 2014), (quoting *United States v. Coates*, U.S. Dist. LEXIS 105689, 2013 WL 3897484, at *5 (W.D.N.Y. July 29, 2013)).

12.    Audibility Hearing

Defendants move for the right to ask the Court to hold an audibility hearing for any recordings the Government seeks to introduce at trial. (Dkt. No. 253, pgs. 33-34; 344). The Government states that it has or will make available all recordings of surveillance and intercepted conversations of defendants. Defendant Stovall seeks an audibility hearing and transcripts of the audio portions of recordings of controlled buys which occurred on February 5 and 6, 2018. Defendant's motion is premature and is reserved for pretrial determination by the District Court. Further, the Government has no obligation to transcribe audio tapes for the defense. *See United States v. Columbo*, 2006 U.S. Dist.

LEXIS 49255, at *55-56 (S.D.N.Y. 2006) ("Once the Government has designated the tapes it intends to use at trial, defendants should identify any specific audibility issues and bring them to the Court's attention promptly.")

13.    Severance of Trials

Defendants move to sever their cases from the cases against their co-defendants. (Dkt. No. 360, pg. 25). A decision on this motion is best left to the discretion of the District Judge who will preside over the trial of this case. *See United State v. Montalvo*, 2014 U.S. Dist. LEXIS 111432, at *39 (W.D.N.Y. Apr. 16, 2014). Therefore, defendants' motion for severance is denied without prejudice to renewal before the District Judge.

14.    Joinder of Motions

Defendants have moved to join in each other's pre-trial motions. (Dkt. No. 243, pg. 22; 244, pg. 21; 247, pg. 6; 251, pg. 14; 253, pg. 34; 360, pg. 26). The Government has opposed these requests. The request for joinder is granted with the further directive and findings that the decisions made by this Court as to each defendant's motions shall also be deemed a finding and order as to all other defendants in this case, to the extent relevant. In the event an issue or motion applies only to one specific defendant, the defendant will be expressly named.

15.    Leave to File Additional Motions

Defendants also move to preserve their right to make further and additional motions. (Dkt. Nos. 246, pg. 12; 247, pg. 5; 251, pg. 14; 252, pg. 26; 253, pg. 34; 360, pg. 26). To the extent defendants intend to bring motions based upon new rulings, information or evidence, their requests for leave to file additional motions are granted. To the extent defendants intend to bring motions concerning issues that could have been

raised prior to the previous motion deadline, defendants' requests are denied without prejudice to bringing the motion upon a showing of good cause for the untimely filing.

16.    <u>Government's Request for Reciprocal Discovery</u>

The Government moves for reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure including the opportunity to inspect, copy or photograph books, papers, documents, photographs, tangible objects or copies or portions thereof which are in the possession, custody or control of the defendant and which the defendant intends to introduce as evidence at trial, as well as the results or reports of any physical or mental examinations or scientific tests or experiments made in connection with the case. (Dkt. Nos. 275; 276; 277; 278; 279; 280; 293; 365). The Government's motion for reciprocal discovery is granted, and defendants are reminded that their disclosure obligations continue up through and during trial. *See* Fed. R. Crim. P. 16(c).

## CONCLUSION

For the foregoing reasons, defendant's pre-trial motions (Dkt. Nos. 243; 244; 246; 247; 249; 251; 252; 253; 326; 330; 331; 360) are decided in the manner set forth above, and the Government's requests for reciprocal discovery (Dkt. Nos. 275; 276; 277; 278; 279; 280; 293; 365) are granted.


SO ORDERED.

Dated:        April 6, 2020
              Buffalo, New York


                              _____
                              HON. MICHAEL J. ROEMER
                              United States Magistrate Judge